[Civ. No. 18227.   Second Dist., Div. Three.   June 1, 1951.]

JOHN G. OPPENHEIMER, Appellant, v. CITY OF LOS ANGELES et al., Defendants; W. J. GREENBAUM, Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Roland Wilson, Deputy City Attorney, for Respondent.

VALLÉE, J.—This is a companion case to *Oppenheimer* v. *City of Los Angeles, ante,* p. 545 [232 P.2d 26].

This is an appeal by plaintiff from a judgment of dismissal entered pursuant to an order granting defendant William J. Greenbaum's motion to strike the third amended complaint from the files and to dismiss the action as to him. The second amended complaint was the first complaint served on Greenbaum, a police officer of the city of Los Angeles, sued as Doe Three.

Plaintiff's second amended complaint is the same as the second amended complaint referred to in our opinion in the companion case. In addition to the matters mentioned in our other opinion, it is alleged that on November 14, 1948, while "incarcerated" in the jail and "deprived of his freedom, the defendant, Doe Three, acting as jailer, wantonly seized the person of the plaintiff by the throat and violently choked the plaintiff and wielded him back and forth in a fiendish and licentious manner." This complaint sought only general damages for the false imprisonment by the "defendants." Greenbaum's demurrer to this complaint was sustained with leave to amend.

The third amended complaint alleged the unlawful arrest of plaintiff by police officers Doe One and Doe Two without a warrant for a misdemeanor not committed in their presence, the turning over of plaintiff to police officers Fallon and Erskine, who wrongfully "imprisoned" plaintiff in the city jail on a purported charge of a misdemeanor not committed in their presence; and that at all times, while plaintiff was so falsely imprisoned, defendant Greenbaum "wilfully refused to let plaintiff secure his release on bail, upon demand therefor, but that said defendant continued to hold plaintiff in confinement and starved him daily from morning to night." This complaint seeks general damages against all defendants

in the sum of $19,000, and exemplary damages against defendants Doe One, Doe Two, and Greenbaum in the sum of $10,000.

The motion to strike the third amended complaint from the file and to dismiss the action as to Greenbaum was based upon the ground that (1) the third amended complaint sets forth a new and different cause of action as to this defendant, (2) the new and different cause of action is barred by the statute of limitations, and (3) it is sham and frivolous.

The grounds upon which the motion was based are without merit.

The third amended complaint clearly sets forth the essential allegations necessary to sustain a cause of action for false imprisonment against defendants Doe One, Doe Two, Fallon, Erskine, and Greenbaum, namely, (1) the unlawful arrest without process, (2) the imprisonment, and (3) damages. (*Oppenheimer* v. *City of Los Angeles, ante,* p. 545 [232 P.2d 26], and cases there cited.) ▇ All who take part in or assist in the commission of a false imprisonment are joint tort feasors, and may be joined as defendants without an allegation or proof of a conspiracy. (*McAlmond* v. *Trippel,* 93 Cal.App. 584, 587 [269 P. 937] ; *Peters* v. *Bigelow,* 137 Cal. App. 135, 139 [30 P.2d 450]. See, also, cases cited in *Oppenheimer* v. *City of Los Angeles, ante,* p. 545 [232 P.2d 26].) ▇ The matters which were alleged in the second amended complaint with respect to the alleged assault on plaintiff by Greenbaum were but statements of aggravating circumstances attendant on the commission of the alleged false imprisonment committed by defendants. That this was the intent of the pleader is clear since no exemplary damages for the alleged assault were sought in that complaint, but only general damages for the false imprisonment. The principle is correctly stated in *Great Atlantic & Pacific Tea Co.* v. *Smith,* 281 Ky. 583 [136 S.W.2d 759]), where it was said, page 765: "No claim was made in the petition to damages for any physical injury or that such injury resulted from the alleged act of assault. Such allegation of assault and battery, committed in connection with the alleged false imprisonment of plaintiff, may be considered as only an 'aggravating fact' or circumstance attending the defendant's commission of the one cause of action alleged of false imprisonment. The offense of assault and battery may be, it is well settled, treated as being in its nature a form of and akin to the offense of false imprisonment and is embraced therein, or, as asserted by the

lower court, is but an aggravating circumstance of or one attendant on the commission of false imprisonment and not to be treated as a separate cause of action, distinct and variant from that alleged of false imprisonment.''

We conclude that the third amended complaint does not state a new or different cause of action. ██ The original complaint was filed within one year after the cause of action accrued. (Code Civ. Proc., § 340 (3).) The third amended complaint was not barred therefore by the statute of limitations.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.