[Civ. No. 28263. Second Dist., Div. Four. Oct. 26, 1964.]

MARGUERITE SHAKESPEARE, Plaintiff and Appellant, v. CITY OF PASADENA, Defendant and Respondent.

Marguerite Shakespeare, in pro. per., for Plaintiff and Appellant.

Wendell R. Thompson, City Attorney, Hahn & Hahn and Leonard M. Marangi for Defendant and Respondent.

KINGSLEY, J.—This is a companion case to *Shakespeare* v. *Zervos,* 2d Civil No. 28065, and *Shakespeare* v. *City of Pasadena, ante,* p. 375 [40 Cal.Rptr. 863] 2d Civil No. 28262. All three cases arise out of the arrest of the present plaintiff and her son, Gene Shakespeare (the plaintiff and appellant in No. 28262). The basic facts leading up to the conduct herein involved are set out in our opinion, concurrently filed, in the suit by Gene Shakespeare against the city and other defendants. As in her son's complaint, plaintiff has set out in the complaint before us (a second amended complaint as amended) a mass of evidentiary detail concerning the dispute between DeFrenn, herself, her son and Zervos, together with a jumble of allegations as to the events involved in her arrest, subsequent incarceration, trial and ultimate acquittal. We are here concerned only with plaintiff's causes of action, if any, against the city. Although the effect of much of the complaint on any liability of the city is far from clear, we assume, for the present purpose, that plaintiff intended to treat the city as a party defendant in all of the causes of action. Also, as we did in the son's action, we treat the arrest of plaintiff, at the same time and place as that of her son, as having been a citizen's arrest by Zervos.

As in Gene Shakespeare's case, plaintiff's allegation óf the filing of her claim with the City of Pasadena is defective, and for the same reasons. Also, as in that case, it seems possible that, if plaintiff otherwise has a valid cause of action, these defects could be remedied by further amendment.

The present plaintiff alleges that her claim was filed on August 6, 1962. Since this was within 100 days of the accrual of any possible causes of action herein involved, the problems as to the applicability of section 715 of the Government Code, discussed at length in Gene Shakespeare's case, do not arise here. It is clear that the claim was timely filed, no matter what combination of claims statutes are applicable.

However, unlike her son, this plaintiff's complaint discloses no cause of action against the city which she can maintain, even if she could allege and prove compliance with the claims provisions of the charter.

Construed most charitably, the complaint seeks to hold the city liable for false arrest, malicious prosecution and false imprisonment. For the reasons set out at length in Gene Shakespeare's case, no cause of action now exists against a municipal corporation for malicious prosecution or, under the facts herein involved, for false arrest.

 Nor does plaintiff fare any better with regard to false imprisonment. Unlike her son, whose complaint suggested an imprisonment which became illegal for reasons independent of the original taking into custody, plaintiff here alleges no detention in connection with her arrest on May 4th other than that necessarily incident to the action of the police officers in carrying out their statutory duty to accept custody of one arrested by a citizen and hold such person for appearance before a magistrate. For the same reasons that the original taking into custody was lawful and unactionable, such a detention, with no independent wrongful act, imposes no liability on the city or on its officers.

In addition to her allegations concerning the events connected with the arrest of herself and her son on May 4, 1962, plaintiff also alleges that, on June 26, 1962, she had again gone to the vicinity of the real property involved in the dispute between herself, other members of her family, and Zervos and that she was detained by a police officer for 25 minutes. Taken in connection with the allegations concerning this incident in her early pleadings, it is clear that there was no detention beyond that reasonably necessary for the officer to contact his superiors and determine whether any charges were then outstanding against a person known to have been involved in the earlier episodes set out at length in plaintiff's pleadings. It is well settled that an officer may, without making a formal arrest, detain a citizen as to whose conduct he entertains a suspicion for such reasonable time as is required to confirm or dissipate that suspicion. (2 Witkin, Summary of Cal. Law, p. 1248.) No more appears to have happened here.

 Furthermore, for the reasons set out at length in our opinion in Gene Shakespeare's case, plaintiff's causes of action, having arisen in 1962, are, by reason of section 4 of chapter 1404 of the Laws of 1961, now governed by the 1963

legislation on governmental tort liability. ▮ Unlike the violation of a mandatory duty suggested in her son's case, the actions of the police officers here were discretionary and exactly the kind of conduct for which the officer (and therefore his employer) are granted immunity by section 820.2 of the Government Code as adopted in 1963.[1]

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied November 12, 1964, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1964. Burke, J., did not participate therein. Peters, J., was of the opinion that the petition should be granted.

---

[1]Gov. Code, § 820.2: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."