[Civ. No. 31284.   Second Dist., Div. Four.   Sept. 15, 1967.]

GILBERT THOMAS WATSON, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al, Defendants and Respondents.

*Assigned by the Chairman of the Judicial Council.

James A. Gordon, Jr., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Assistant County Counsel, for Defendants and Respondents.

KINGSLEY, J.—Plaintiff appeals from an order of dismissal based on an order sustaining a demurrer without leave to amend, and from the order sustaining the demurrer without leave to amend.

From plaintiff's second amended complaint, it appears that plaintiff was found guilty of a crime on June 8, 1965, and was granted probation for one year on condition that he pay a fine of $300, plus a penalty assessment or serve 30 days in the county jail. In lieu of paying the fine, the plaintiff served the 30-day sentence. On August 5, 1965, a defendant, Benjamin K. Cheney, deputy Los Angeles County clerk, omitted to correctly inform the judge that plaintiff had served a 30-day sentence in lieu of paying the fine. James K. Henderson, a deputy Los Angeles County clerk, failed to keep proper records of the proceedings in which plaintiff elected to serve 30 days as an alternative. As a result of this James K. Henderson "caused" the issuance of a warrant for arrest and plaintiff was arrested on September 4, 1965, and placed in the county jail. Plaintiff was released on September 15, 1965. after it appeared that he had already served a 30-day sentence for that crime.

A cause of action was filed against Los Angeles County, William G. Sharp, county clerk, Peter J. Pitchess, sheriff, James Henderson and Does One to Twenty, inclusive. for false imprisonment and negligence. A demurrer was sustained and plaintiff filed an amended complaint for false imprisonment and negligence. A demurrer was again sustained and plaintiff filed a second amended complaint for negligence only against the County of Los Angeles. James K. Henderson, deputy clerk of Superior Court for Los Angeles County, Benjamin K. Cheney, deputy clerk for Los Angeles County,

Does One to Twenty, inclusive, Doe Municipal Corporations One to Twenty, inclusive, and Doe Corporations One to Twenty, inclusive. The demurrer was sustained on the ground of no cause of action being stated by reason of Government Code sections 815.2, subdivision (b), and 821.6.[1]

Plaintiff appealed from the order sustaining the demurrer without leave to amend and from the judgment of dismissal sustaining the demurrer without leave to amend. ▉ An order sustaining or overruling a demurrer is not appealable. (*Jeffers* v. *Screen Extras Guild, Inc.* (1951) 107 Cal.App.2d 253, 254 [237 P.2d 51]; *Kennedy* v. *Owen* (1948) 85 Cal. App.2d 517, 519 [193 P.2d 141].) We dismiss that appeal.

▉ The appeal from the judgment turns on whether or not Cheney and Henderson are immune under Government Code section 821.6.

Except under circumstances not herein involved, where a public employee is immune from liability for injury caused by an act or omission, the public entity by which he is employed is not liable. (Gov. Code, § 815.2.) Therefore, if Cheney and Henderson are immune under Government Code section 821.6, Los Angeles County would also not be liable.

Government Code section 821.6 reads: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

We believe that the clerks Cheney and Henderson come under the above code sections. They are both clearly "public employees." Their acts or omissions (in failing to keep proper records and in giving the court incorrect information) can be considered as "instituting or prosecuting" a "judicial proceeding," in that their behavior provides the first steps towards plaintiff's arrest and incarceration and clearly were steps involved in the "prosecution" of that proceeding.

Since the defendant clerks are immune under the two relevant code sections, the demurrer was properly sustained.

The judgment is affirmed; the purported appeal from the order sustaining the demurrer is dismissed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 8, 1967.

---

[1]Demurrer was sustained without leave to amend upon representation of counsel that no further facts could be added if leave to amend were granted.