[Civ. No. 32186.   Second Dist., Div. Four.   Oct. 16, 1968.]

MYRLE L. APELIAN, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

Rich & Ezer and Robert H. Somers for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, John A. Daly, Assistant City Attorney, George J. Franscell, Deputy City Attorney, for Defendants and Respondents.

COLLINS, J. pro tem.*—The plaintiff, Myrle L. Apelian, appeals from a formal order of dismissal after demurrers to her second amended complaint (hereinafter complaint) had been sustained without leave to amend. The defendants in the action are the County of Los Angeles (hereinafter County),[1] the City of Los Angeles (hereinafter City) and Edward L. Davenport, a deputy city attorney of the City.

The complaint contains a single count which alleges that all of the defendants, and additional fictitiously named entities, were guilty of negligence and wilful misconduct which proximately resulted in general damages to plaintiff in the sum of $10,000 and special damages for medical expenses and loss of earnings in unspecified amounts.

The complaint alleges that on February 3, 1966, plaintiff was served with a subpoena calling for her appearance on February 7, 1966, as a prosecution witness in a criminal case pending in the Los Angeles Municipal Court; that at the time of such service she was seriously ill in a hospital suffering from myastenia gravis;[2] that she communicated by telephone

---

[1]The County has filed no appearance brief in this court.

[2]Dorland's Medical Dictionary (23d ed., 1957) defines this affliction as a syndrome of fatigue and exhaustion of the muscular system marked by progressive paralysis of the muscles without sensory disturbance or atrophy.

*Assigned by the Chairman of the Judicial Council.

with Deputy City Attorney Davenport to whom she explained that she was too ill to comply with the subpoena; that Mr. Davenport advised her not to worry and that he would have the matter continued; that Mr. Davenport negligently failed to advise the court of plaintiff's illness or to obtain a continuance as promised; that subsequently a bench warrant issued out of the municipal court calling for plaintiff's arrest for failure to appear in court in compliance with the subpoena; that on February 21, 1966, at approximately 9:30 p.m. employees of the County, allegedly acting as agents for the City, arrested plaintiff and transported her to Sybil Brand Institute, a prison for women maintained by the County; that at 11:30 p.m. employees of the County acquired actual knowledge of plaintiff's serious illness and her need for immediate medical care from plaintiff's attorney who further informed them that plaintiff's personal physician was waiting at the prison gate to take charge of plaintiff; that at that time bail in the amount fixed was tendered and accepted, but plaintiff's release was delayed until 1:50 a.m. on the early morning of February 22d, some 2 hours and 20 minutes after bail was posted, during which time defendants were informed of plaintiff's seriously ill condition; that as a proximate result of such conduct plaintiff sustained severe aggravation of her preexisting affliction and shock and injury to her nervous system.

Separate general demurrers were filed by the County and by the City and Davenport, and both were sustained. The minute order of the trial court, pursuant to the provisions of Code of Civil Procedure, section 472d, contains the following statement of the specific grounds upon which the court based its ruling: ''Demurrers sustained on the ground that the Second Amended Complaint does not state a cause of action for the reason that both demurrants are given immunity by *Government Code Section 844.6*. Section 844.6 prevails over Government Code Section 845.6 for the reasons stated by Val Alstyne in *California Government Tort Liability, 1964*, in the Notes to Sections 844.6 and 845.6.'' (Italics theirs.)

In fairness to the trial judge it should be noted here that the ruling was made on October 31, 1966, prior to any published appellate court decision interpretive of Government Code sections 844.6 and 845.6, in consequence of which the trial judge relied on views expressed in the textbook cited in his order. Since then two appellate court decisions have interpreted the two code sections.

In *Sanders* v. *County of Yuba* (1967) 247 Cal.App.2d 748 [55 Cal.Rptr. 852], the court noted that the California Tort Claims Act was enacted in 1963, and is based on recommendations made by the California Law Revision Commission; also, that both sections 844.6 and 845.6 were included in the original enactment. Rejecting a contention that the immunities accorded public entities by section 844.6 prevail over all other provisions of the Act, the court took note of two rules of statutory interpretation, to-wit: (1) when the provisions of a statute are subject to two reasonable interpretations, the interpretation that will harmonize rather than that which will bring the two provisions in conflict should be adopted; and (2) a specific provision relating to a particular subject will govern in respect to that subject as against a general provision. Applying these rules of interpretation, the court concluded as follows (247 Cal.App.2d at page 754):

"The latter rule gives a clue as to how the two sections can be reconciled. If we consider that the word 'injury' as used in section 844.6 in the sentence 'a public entity is not liable for: . . . (2) An injury to any prisoner' was intended to embrace the physical-impact type of traumatic experience which one usually would associate with the word 'injury'— particularly as applied to a prisoner—some or all of which were obviously within the legislators' contemplation since they are specifically mentioned in the same or immediately adjoining sections in the same act, then the legislative intent falls into a pattern and the two sections are not in conflict. We hold, therefore, that reading section 844.6, subdivision (a), and the second clause of section 845.6 together, and to give both meaning, the Legislature intended by its statement in the former section that: a public entity shall not be liable for an injury to any prisoner except as provided under subdivisions (b), (c), and (d) of *this* section and as hereinafter provided in section 845.6"

*Hart* v. *County of Orange* (1967) 254 Cal.App.2d 302 [62 Cal.Rptr. 73], a more recent decision, quotes approvingly the *Sanders* case, *supra,* and also states additional reasons why any apparent inconsistencies between sections 844.6 and 845.6 are actually nonexistent. However, it is unnecessary for present purposes to review the added rationale of the *Hart* case.

Defendants City and Deputy City Attorney Davenport do not challenge the applicability of the *Sanders* and *Hart* cases, *supra,* but they do argue that their demurrers

were properly sustainable on other grounds, and that the mere fact that the trial court based its ruling on an erroneous ground of statutory interpretation cannot defeat an appellate court's power to affirm the order if it finds that the demurrer to the complaint is properly sustainable on any other ground.

It is true that section 472d of the Code of Civil Procedure has been held to impose only procedural requirements to be observed by a trial court for the assistance of counsel and courts of review, but that the appellate court is not bound thereby, that "[i]t is the validity of the court's action in sustaining the demurrer which is here reviewable, and not the court's opinion or statement of reasons for its action." (*Southall* v. *Security Title Ins. etc. Co.*, 112 Cal.App.2d 321, 323 [246 P.2d 74]; *Weinstock* v. *Eissler*, 224 Cal.App.2d 212, 225 [36 Cal.Rptr. 537]; see *Heyer* v. *Flaig,** (Cal.App.) 67 Cal.Rptr. 92.)

On this basis defendants City and Deputy City Attorney Davenport urge us to affirm as to them the ruling on demurrer for alternative reasons. They point out that plaintiff does not seek recovery for alleged false arrest, false imprisonment or negligent acts in causing her arrest, but only for an aggravation of a preexisting medical condition caused by failure to provide medical services at a county facility.[3] In the alternative, they argue that a warrant of arrest issues in the name of the State, and in this instance was issued to a peace officer by a magistrate and not by the City or Deputy City Attorney Davenport (see Pen. Code, §§ 807, 808, 813, 815, 816 and Code Civ. Proc., § 153, subd. 3), and that, consequently, the entire process is judicial in nature which does not expose to civil liability themselves or any peace officer who makes an arrest in good faith and in the reasonable belief that the arrestee is the person referred to in the warrant for arrest. (See Civ. Code, § 43.5(a); *People* v. *Brite*, 9 Cal.2d 666 [72 P.2d 122]; *Jackson* v. *Osborn*, 116 Cal.App.2d 875 [254 P.2d 871].)

These defendants also argue that Sybil Brand Institute is a corrections facility for women maintained by the County of Los Angeles, that the County and City are separate and distinct entities and, as such, act independently of each other

---

*A hearing was granted by the Supreme Court in *Heyer* v. *Flaig* on May 9, 1968. The opinion of that court is reported in 70 Cal.2d —— [74 Cal.Rptr. 225, 449 P.2d 161].

[3]The complaint, however liberally construed in plaintiff's favor, fails to plead a cause of action for false arrest or imprisonment in view of the statutory exemption from liability in such cases. (See Gov. Code, § 821.6; *Watson* v. *County of Los Angeles*, 254 Cal.App.2d 361 [62 Cal. Rptr. 191].)

and neither acts as agent, servant or employee of the other, and that this court may take judicial notice of these asserted facts (citing Evid. Code, § 452, subds. (g), (h); § 459). We do not regard the issue as being so simply resolvable. First of all, it must be remembered that the demurrers which were presented and sustained were general only, and that no special grounds of demurrer were presented. The complaint contains allegations of agency which must be accepted as true for purposes of demurrer. The information to which defendants now draw attention is nowhere reflected in the complaint on file. Defendants' argument is a new factual presentation which may not be considered or evaluated by an appellate court.

"As stated in *Lloyd* v. *California Pictures Corp.*, 136 Cal. App.2d 638, 642 [289 P.2d 295], and elsewhere, the allegations of the complaint must be regarded as true, and a reviewing court 'is confined to the allegations of the complaint,' as is a trial court, in determining the matter. Other matters, outside the complaint, although doubtless proper subjects for consideration at the trial, should not be considered. Whether plaintiff is able to establish the allegations made, to the satisfaction of a trial court or jury, or what the final outcome may be, are matters of no importance so far as the present inquiry is concerned." (*Griffith* v. *Department of Public Works*, 141 Cal.App.2d 376 at p. 381 [296 P.2d 838].)

Defendants urge that we may judicially notice "[f]acts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute." (Evid. Code, § 452, subd. (g).) We cannot quarrel with this statutory rule of evidence, but we do not deem it applicable in the present setting.

For aught we know the County and City may have contractual service arrangements respecting administration and use of Sybil Brand Institute facilities akin to the so-called "Lakewood Plan" contracts which the County has made with certain municipalities. We do not say this is so, but we should not speculate that it is not so. Specifically, we do not deem it to be a fact or proposition "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) To follow such a course in this instance would divert this court into fact-finding areas which are properly the province of the trial court. Doubts as to plaintiff's ability to prove a case against the City cannot be a basis for denying her rights to a

day in court. Accordingly, the order of dismissal should be reversed as to defendants City of Los Angeles and County of Los Angeles.

However, as plaintiff's counsel conceded at oral argument, the complaint charges no wrongdoing by defendant Davenport other than his failure to advise the municipal court of plaintiff's illness and to request a continuance. As we have pointed out above, if this charges any wrong at all, it is only that of false arrest, as to which Davenport has a statutory immunity. It follows that the order of dismissal as to him should be affirmed.

The order is affirmed as to defendant Davenport; it is reversed as to defendants City of Los Angeles and County of Los Angeles.

Jefferson, Acting, P. J., and Kingsley, J., concurred.