992

No. 1504. GIANNATTI ET AL. *v.* COUNTY OF LOS ANGELES. Appeal from Ct. App. Cal., 2d App. Dist., dismissed for want of substantial federal question.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE BLACKMUN concur, dissenting:

I would note probable jurisdiction of this appeal and set the case for argument.

Under California law a county is liable for damages for intentional assault and battery of a civilian by a member of the police force. Cal. Govt. Code § 815.2 (a) (1966), *Scruggs* v. *Haynes,* 252 Cal. App. 2d 256, 60 Cal. Rptr. 355. But the statute exempts any injury to "any prisoner." Cal. Govt. Code § 844.6 (a)(2) (Supp. 1971).

The California courts have sustained the constitutionality of the exemption of prisoners against the claim that it violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Sanders* v. *County of Yuba,* 247 Cal. App. 2d 748, 55 Cal. Rptr. 852. The *Sanders* case was followed in the present one. While a prisoner loses some civil rights, nevertheless as stated by Judge, now MR. JUSTICE, BLACKMUN in *Jackson* v. *Bishop,* 404 F. 2d 571, 576, "he continues to be protected by the due process and equal protection clauses which follow him through the prison doors."

The equal protection question is a substantial one which we should decide only after oral argument.

No. 6588. PARDO *v.* ILLINOIS. Appeal from Sup. Ct. Ill. dismissed for want of substantial federal question.

No. 6911. JACKSON *v.* WARDEN, MARYLAND PENITENTIARY. Motion for leave to file petition for writ of habeas corpus denied.