828

"Constitutional requirements relating to searches are satisfied * * * if the warrant describes the premises to be searched with reasonable certainty, and a technical description is unnecessary. * * * A warrant is sufficiently descriptive if it enables the officer, with reasonable effort, to identify the place. * * * If the property is sufficiently recognizable from the description to enable the officer to locate the premises with definiteness and certainty, it is adequate."

See also, *People v. Holton* (1927), 326 Ill. 481, 158 N.E. 134; *People v. Mecca* (1971), 132 Ill.App.2d 612, 270 N.E.2d 456.

██ Under the facts of this case the description in the search warrant was sufficiently definite to enable the officers to ascertain the correct premises with reasonable accuracy. The court erred in quashing the warrant, and the defendant's failure to contest the State's appeal is, understandably, tantamount to a confession of error. The order is reversed and the cause remanded.

Reversed and remanded.

McGLOON, P. J., and McNAMARA, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOHNNY LEE SPENCER, Petitioner-Appellant.

(No. 57069;

First District—September 7, 1972.

Opinion by Mr. JUSTICE DEMPSEY.

Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.