THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. EARL GOOD, Petitioner-Appellant.

(No. 59222;

First District (4th Division)—March 13, 1974.

Paul Bradley, Deputy Defender, of Chicago (Robert E. Davison, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James Veldman, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The petitioner was indicted for the crime of murder and entered a plea of guilty to the charge of voluntary manslaughter. The court then sentenced him to not less than 14 nor more than 20 years in the Illinois State Penitentiary. No appeal was taken from the conviction, but relief was sought under the Post-Conviction Hearing Act. The State's motion to dismiss the petition was sustained.

On appeal, defendant contends that he was induced to plead guilty because his appointed counsel told him that if he was tried by a jury

he would receive a sentence of 40-60 years, that he was not sufficiently informed of the nature of the charge, and that he was prosecuted as an adult which denied him equal protection of the laws inasmuch as he was a minor.

Prior to the acceptance of defendant's guilty plea, the following discussion took place:

"THE CLERK: Earl Good.

MR. GRAMENOS: Your Honor, in the case of Earl Good, Indictment 64—3526, I ask for leave to withdraw the previous pleas entered in this case at this time, advising the court I have discussed the case with my client, and have an interest in entering a plea of guilty to voluntary manslaughter.

THE COURT: Does the State have any objection?

MR. FLEISCHMAN: No.

THE COURT: Mr. Good, you have heard your attorney indicate that you now wish to enter a plea of guilty to the lesser included offense of voluntary manslaughter to this indictment, charging you with the offense of murder, is that correct?

THE DEFENDANT: That's correct.

THE COURT: You understand, sir, that on a plea of guilty you automatically waive your right to a trial by jury, do you understand that?

THE DEFENDANT: I understand.

THE COURT: Do you also understand that the court on a plea of guilty, could sentence you to any number of years to a maximum of 20 years in the Illinois State Penitentiary, do you understand that?

THE DEFENDANT: I understand.

THE COURT: Knowing these factors you are willing to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Are you the boy's mother?

MRS. GOOD: Yes, sir.

THE COURT: What is your name?

MRS. GOOD: Lucille Good.

THE COURT: Let the record show that the defendant has been advised of the consequences of his plea of guilty to this indictment charging him with murder and the plea of guilty to the lesser included offense of voluntary manslaughter. The plea of guilty will be accepted to voluntary manslaughter.

The records of the court will reflect a finding of guilty on the

plea of guilty to voluntary manslaughter and judgment entered on the finding of guilty.

MR. FLEISCHMAN: Let the record show there is a stipulation between the defendant, Earl Good, in his own proper person and by his attorney, and the People of the State of Illinois that the facts as alleged in Indictment Number 64-3526 are true and correct and are sufficient to sustain the charge of voluntary manslaughter; that everything occurred in Cook County Illinois, and that the age of the defendant is—

MR. GRAMENOS: So stipulated. His age is 17."

■■ The record rebuts both of these allegations. The record of the change of pleas clearly shows that the defendants' plea was knowingly and voluntarily made.

The Illinois Appellate Court in *People v. Spencer* (1972), 7 Ill.App.3d 828, 288 N.E.2d 682, held that an allegation by a petitioner, under the Post-Conviction Hearing Act, that his plea of guilty was coerced because his attorney advised him he might get a greater penalty by standing on a plea of not guilty and taking a jury trial, and a lesser one by admitting his guilt, did not furnish a *substantial* basis for assertion that his guilty plea was involuntary. The issue of the validity of a guilty plea was recently discussed in *North Carolina v. Alford* (1970), 400 U.S. 25, 31, where the court stated:

> "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Citations.] That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

The same allegations were presented to this court in *People v. Funches* (1972), 9 Ill.App.3d 372, 374-76, 292 N.E.2d 187. The admonishments given in *Funches* were almost identical to those given in the case at bar. The court at page 376 held:

> "Since defendant has made only broad nonspecific assertions and has failed to present a substantial showing of violation of his constitutional rights, his petition was nonmeritorious on its face and we find the trial court acted properly when it dismissed the petition without an evidentiary hearing. *People v. Smith,* 40 Ill.2d 562, 241 N.E.2d 413."

In *People v. Calhoun* (1970), 46 Ill.2d 60, 263 N.E.2d 69, and in *People v. Mendoza* (1971), 48 Ill.2d 371, 270 N.E.2d 30, these same

allegations were presented to the Illinois Supreme Court. The admonishments by the trial court were almost identical to the admonishments in the instant case and were held to be sufficient. After a careful review of the record, we find that the court properly advised defendant of the consequences of his plea.

The defendant makes two contentions. First, he alleges that he was coerced by his attorney to plead guilty, and second, the trial court did not sufficiently inform him of the nature of the charge of voluntary manslaughter so that he could knowingly and voluntarily enter his plea.

■■ It is well established that nonmeritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings. *People v. Morris* (1969), 43 Ill.2d 124, 251 N.E.2d 202.

We, therefore, find that the trial court properly dismissed the defendants' amended petition without a hearing.

We further find that the defendant was not denied equal protection of the law.

Good was 17 years of age when the offense was committed. At that time the Juvenile Court Act applied to males under the age of 17 and females under the age of 18. (Ill. Rev. Stat. 1965, ch. 37, sec. 702—7.) It is this difference that defendant attacks as unconstitutional.

■■ The Illinois Supreme Court ruled on this issue in *People v. Pardo* (1970), 47 Ill.2d 420, 265 N.E.2d 656. The court found that age and differences between the sexes formed a proper basis for legislative classification so that the provision did not deny the accused equal protection of the law. The accused then sought an appeal to the United States Supreme Court. This appeal was dismissed for want of a substantial Federal question in *Pardo v. Illinois* (1971), 402 U.S. 992, 29 L.Ed. 2d 158, 91 S.Ct. 2179. Therefore, the holding of constitutionality made by the Supreme Court is the authority in Illinois today.

This has been further reiterated in *People v. McCalvin* (1973), 55 Ill. 2d 161, 167-68, 302 N.E.2d 342, 346, where Mr. Justice Schaefer said:

> "We therefore hold that section 2—7 of the Juvenile Court Act did not violate the equal-protection clause. We adhere to the conclusion we reached in *People v. Pardo* (1970), 47 Ill.2d 420, * * * *."

*Pardo* was decided under the constitution of 1870 and *McCalvin* was decided under the constitution of 1970.

For the reasons stated, the order of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.