TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : |  |
|  | : | No. 95-819 |
| of | : |  |
|  | : | April 12, 1996 |
| DANIEL E. LUNGREN | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____

THE HONORABLE JAMES A. CURTIS, COUNTY COUNSEL, NEVADA COUNTY, has requested an opinion on the following question:

May a county which awarded an exclusive trash collection franchise in 1982 after receiving competitive bids, and which terminated that agreement and executed another exclusive franchise with the same franchisee in 1985, now terminate the existing franchise and award a new contract to the same franchisee without obtaining competitive bids?

CONCLUSION

A county which awarded an exclusive trash collection franchise in 1982 after receiving competitive bids, and which terminated that agreement and executed another exclusive franchise with the same franchisee in 1985, may now terminate the existing franchise and award a new contract to the same franchisee without obtaining competitive bids.

ANALYSIS

This request for our opinion asks us to resolve an apparent conflict between two separate statutory schemes. One seemingly requires a county to obtain competitive bids before awarding a trash collection franchise (Pub. Resources Code, §§ 49200-49205),[1] while the other appears

_____

[1]All references hereafter to the Public Resources Code are by section number only.

to allow a county to award a trash collection franchise without first obtaining competitive bids (§§ 40050-40062). We conclude that a county need not obtain competitive bids before awarding a trash collection franchise.

1.  Sections 49200-49205

Section 49200 states:

"Every franchise or permit for the collection, disposal, or destruction, or any combination thereof, of garbage, waste, offal, and debris, shall be granted by the board of supervisors only under the terms and conditions of this chapter."

Section 49201 provides:

"(a) Any county may, by resolution adopted by the board of supervisors, call for bids for the granting of a franchise or permit, exclusive or otherwise, for the collection, disposal, or destruction, or any combination thereof, of garbage, waste, offal, and debris, according to the terms and conditions set forth in the resolution, for a period of time not to exceed 25 years.

"(b) After adoption of the resolution pursuant to subdivision (a), the board of supervisors shall cause to be published once a week for two successive weeks a notice which shall set forth all of the terms and conditions in the resolution and the time, date, and place for the receiving and opening of sealed bids, which shall not be sooner than four full weeks from date of the first publication of the notice.

"(c) Upon examination by the board of supervisors of the bids, the franchise or permit may be awarded to the lowest qualified bidder. The board of supervisors may postpone the granting of the franchise or permit from time to time until it has had a full and complete opportunity to examine the merits of each bid."

Section 49205 states:

"The board of supervisors which, prior to July 1, 1980, adopted an ordinance governing the granting of franchises or permits for the collection, disposal, or destruction, or any combination thereof, of garbage, waste, offal, and debris, and which granted franchises or permits pursuant to that ordinance covering defined zones or areas of the county, may extend the term of any of those franchises or permits for only one additional period not exceeding 25 years without advertising or calling for bids as required by Section 49201, if all of the following conditions exist:

"(a)(1) The county franchise or permit ordinance contains rules and regulations for the protection of the public health and welfare and provides that the board of supervisors may control the rates to be charged customers by the franchise or permitholders.

"(2) Notwithstanding any provision in a county ordinance, the board of supervisors shall not increase the rates to be charged to customers by franchise or permitholders without first calling and holding a public hearing on the proposed increase in rates. Publication of notice of the hearing required by this paragraph shall be made by the board of supervisors pursuant to Section 6066 of the Government Code.

"(b) The franchise or permit proposed to be extended was granted in strict compliance with the requirements for calling and advertising for bids and award to the lowest qualified bidder pursuant to Section 49201, and otherwise granted in strict compliance with this chapter.

"(c) The franchise or permit proposed to be extended was granted on a nonexclusive basis so that the board of supervisors is not precluded from granting additional franchises or permits to cover the same areas if, in the judgment and discretion of the board of supervisors, the public interest will be served thereby.

"(d) The county franchise or permit ordinance authorizes the county auditor or any other qualified public accountant to audit periodically the books and records of the franchise or permitholders."

Under sections 49200-49205, a county granting a franchise for trash collection must do so "only under the terms and conditions of [section 49200-49205]." (§ 49200.) One of those terms and conditions is that the board of supervisors award the franchise "to the lowest qualified bidder." (§ 49201, subd. (c).) No other method of awarding the franchise is contained in this legislative scheme. "`The mode prescribed is the measure of the power.'" (*People* v. *Zamora* (1980) 28 Cal.3d 88, 98; see also *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196; *Martello* v. *Superior Court* (1927) 202 Cal. 400, 405; *In re Fain* (1983) 145 Cal.App.3d 540, 550.) Section 49205 specifically allows for a franchise to be *extended* without calling for competitive bids, but only under narrowly drawn conditions.[2]

If sections 49200-49205 provided the exclusive means for a county to award a trash collection franchise, we would have little hesitancy in concluding that competitive bids would be required in the circumstances presented.

2.      Sections 40059-40062

Section 40059 provides:

"(a) Notwithstanding any other provision of law, each county, city, district, or other local governmental agency may determine all of the following:

---

[2]For example, the original franchise must have been "granted on a nonexclusive basis." (§ 49205, subd. (c).)

"(1) Aspects of solid waste handling which are of local concern, including, but not limited to, frequency of collection, means of collection and transportation, level of services, charges and fees, and nature, location, and extent of providing solid waste handling services.

"(2) Whether the services are to be provided by means of nonexclusive franchise, contract, license, permit, or otherwise, either *with or without competitive bidding*, or if, in the opinion of its governing body, the public health, safety, and well-being so require, by partially exclusive or wholly exclusive franchise, contract, license, permit, or otherwise, *either with or without competitive bidding*.  The authority to provide solid waste handling services may be granted under terms and conditions prescribed by the governing body of the local governmental agency by resolution or ordinance.

"(b) Nothing in this division modifies or abrogates in any manner either of the following:

"(1) Any franchise previously granted or extended by any county or other local governmental agency.

"(2) Any contract, license, or any permit to collect solid waste previously granted or extended by a city, county, or a city and county."   (Italics added.)

For purposes of the grant of authority contained in section 40059, solid waste handling services include "the collection, transportation, storage, transfer, or processing" (§ 40195) of "garbage, trash, refuse, paper, rubbish, ashes . . . ."   (§ 40191, subd. (a).)

The language of section 40059 was formerly contained in Government Code section 66756, since repealed.   When the latter statute was enacted (Stats. 1980, ch. 504, § 1), the purposes of the legislation were described in the report of the Senate Committee on Local Government dated June 16, 1980, as follows:

"Background:

"Under current law, the several types of local agencies which provide solid waste handling services are subject to a variety of requirements and procedures.

"For example, both cities and counties may contract for the provision of solid waste handling services, and such contracts may be exclusive or non-exclusive.  In addition, while current law specifically requires some local agencies to grant contracts or franchises through competitive bidding (e.g., counties, garbage disposal districts), other local agencies may grant such contracts without competitive bidding (e.g., cities, garbage and refuse disposal districts).

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Proposed legislation:

"Assembly Bill 2454 would enact the following provisions relative to solid waste handling services which would be applicable to cities, counties, cities and counties, and special districts which provide solid waste handling services:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"3.      Authorization for such local agencies to determine:

        (a)      aspects of solid waste handling which are of local concern, including, but not limited to, frequency of collections, means of collection and transportation, level of service, charges and fees, nature, location, and extent of providing solid waste handling services;

        (b) whether such services will be provided with or without competitive bidding;

        (c) whether such services shall be provided by means of nonexclusive, partially exclusive or exclusive franchise, contract, license, permit or otherwise.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Comments:

"According to the proponents of AB 2454, the purpose of the bill is to ensure that local agencies will not be subject to lawsuits as a result of the U.S. Supreme Court decision in Lafayette.   The bill is intended to accomplish such purpose by providing State policy and uniform procedure with regard to local solid waste handling services which specifies that such services may be provided exclusively or nonexclusively, with or without competitive bidding."

The same stated purposes for the proposed legislation were contained in the report of the Assembly Committee on Local Government dated April 9, 1980.  It is apparent from such legislative history that the language in question, now contained in section 40059, was intended to grant cities, counties, and other local agencies the authority to determine whether trash collection services should "be provided with or without competitive bidding."   All government entities were given this power, whereas previously only some agencies could provide such services under contract without obtaining competitive bids.  "[I]t is well established that reports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain. [Citations.]"  (*Hutnick* v. *United States Fidelity & Guaranty Co.* (1947) 47 Cal.3d 456, 465, fn. 7.)

        Accordingly, under sections 40050-40062, a county may award a trash collection franchise "without competitive bidding."  (§ 40059, subd. (a)(2).)  If sections 40050-40062 provided

the exclusive means for a county to award a trash collection franchise, we would have little hesitancy in concluding that obtaining competitive bids would not be required in the circumstances presented.

3.	Resolving The Statutory Conflict

Section 40059 begins with the phrase "Notwithstanding any other provision of law . . . ."  This phrase makes the language of section 40059 "`sui generis' and controlling over both statutory and decisional law."  (*In re Marriage of Dover* (1971) 15 Cal.App.3d 675, 678, fn. 3; see *State of California* v. *Superior Court* (1967) 238 Cal.App.2d 691, 695-696; 78 Ops.Cal.Atty.Gen. 65, 70 (1995).)  It is as if the limitations of sections 49200-49205 do not exist if a county acts pursuant to the grant of authority contained in section 40059.  The Legislature has recognized that the terms of section 40059 may be inconsistent with the language of some other statute or statutes and has determined that the conflict should be resolved in favor of section 40059's terms and conditions.

If any further analysis is needed (see, e.g., *Sanders* v. *County of Yuba* (1967) 247 Cal.App.2d 748, 750-754), we note that the Legislature has additionally declared:

> "In the event of any conflict or inconsistency between the provisions of Parts 1 (commencing with Section 40000) to Part 7 (commencing with Section 47000), inclusive, and Part 8 (commencing with Section 48000) of Division 30, as enacted by this act, the provisions of Parts 1 to 7, inclusive, shall prevail."  (Stats. 1989, ch. 1095, § 32, subd. (c).)

Section 40059 is contained in "Parts 1 to 7," while sections 49200-49205 are contained in "Part 8" for purposes of this declaratory statement by the Legislature.  Hence, the grant of authority set forth in the former prevails over the limitations and conditions of the latter in the event of any conflict or inconsistency.[3]  Such treatment reinforces and reaffirms the "[n]otwithstanding any other provision of law" language of section 40059.  The competitive bidding requirements of sections 49200-49205 must therefore yield to the statutory grant of authority contained in section 40059.

We conclude that under the terms of section 40059, a county which awarded an exclusive trash collection franchise in 1982 after receiving competitive bids, terminated that agreement and executed another exclusive franchise with the same franchisee in 1985, may now terminate the existing franchise and award a new contract to the same franchisee without receiving competitive bids.

\* \* \* \* \*

---

[3] The granting of a trash collection franchise would not constitute a violation of the anti-trust laws under the circumstances presented.  (See *Tom Hudson & Associates* v. *City of Chula Vista* (9th Cir. 1984) 746 F.2d 1370, 1372-1374; *City of Camarillo* v. *Spadys Disposal Service* (1983) 144 Cal.App.3d 1027, 1029-1032; 62 Ops.Cal.Atty.Gen. 741, 743-745 (1979).)