[Civ. No. 22337.   First Dist., Div. Three.   Sept. 3, 1965.]

CHARLES REED, Plaintiff and Appellant, v. THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

Goldstein, Barceloux & Goldstein, P. M. Barceloux, Burton J. Goldstein and Albert E. Levy for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney and George E. Baglin, Deputy City Attorney, for Defendant and Respondent.

SALSMAN, J.—Respondent's demurrer to appellant's first complaint was sustained without leave to amend. Judgment of dismissal was entered, followed by this appeal. The ground for dismissal was that appellant's complaint did not state a cause of action.

Appellant sought damages for injuries allegedly received while he was an inmate at the San Francisco County Jail. His complaint alleged that another inmate, while performing services for respondent, negligently dropped a light bulb, which exploded and injured appellant.

Government Code section 844.6, subdivision (a) provides in relevant part that ". . . a public entity is not liable for: (1) An injury proximately caused by any prisoner. (2) An injury to any prisoner."[1] Appellant concedes he has no cause of action if this section is constitutional. He contends, however, that it operates to deprive him of his constitutional guarantees of equal protection and due process of law. We have concluded that this contention is without merit and that the judgment dismissing appellant's complaint must be affirmed.

Section 844.6 is part of a comprehensive statute dealing with governmental tort liability. (Gov. Code, § 810 et seq., Stats. 1963, ch. 1681; cf. *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211, 218 [11 Cal.Rptr. 89, 359 P.2d 457].) ▮ The power of the Legislature to control such liability is very broad, and is limited only by the rule that it must not be exercised in an arbitrary manner. (*Flournoy* v. *State of California*, 230 Cal.App.2d 520, 524-525 [41 Cal.Rptr. 190] and cases cited; Van Alstyne, *Governmental Tort Liability*, 15 Stan.L.Rev. 163, 225-229.) ▮ Generally, a legislative classification is not arbitrary if a state of facts can be reasonably conceived to sustain it. (*Professional Fire Fighters, Inc.* v. *City of Los Angeles*, 60 Cal.2d 276, 289 [32 Cal.Rptr. 830, 384 P.2d 158]; *Borden's Farm Products Co.* v. *Baldwin*, 293 U.S. 194, 209 [55 S.Ct. 187, 80 L.Ed. 669].)

▮ Appellant contends that no valid reason exists for classifying prisoners in a different category from other citi-

---

[1]Section 844.6, subdivision (d) provides: "Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." It also authorizes the public entity to pay, in its discretion, any judgment, compromise or settlement involving its employee. Section 810.2 defines an employee of a public entity as "an officer, employee, or servant, whether or not compensated. . . ." Section 844.6, subdivisions (c) and (d) are not here relevant. (All section references are to the Government Code.)

zens who, in certain circumstances, are given a cause of action against public entities for tortious injuries. (*E.g.*, Gov. Code, § 815.2.) We do not agree. Imposition of liability in cases such as this would increase the cost of law enforcement and add to the difficulties of orderly prison administration. While no doubt the cost could be borne and adjustments made (cf. *United States* v. *Muniz*, 374 U.S. 150 [83 S.Ct. 1850, 10 L.Ed.2d 805]), we cannot say the Legislature has acted arbitrarily in avoiding such problems. The statute being constitutional respondent's demurrer was properly sustained.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.