[Civ. No. 43068. Second Dist., Div. Five. Sept. 30, 1974.]

DAVID BLACKBURN et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Frederick J. Kling and George A. Mazarakis for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Neal Moore, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—Plaintiffs David and Phyllis Blackburn filed an action based on malicious prosecution against defendants County of Los Angeles (County) and certain individual employees of the county department of public social services (DPSS), Dorothy Gentry, Mary Meyer, and Mildred Reed. The trial court sustained the County's demurrer to plaintiffs' amended complaint without leave to amend and dismissed the action as to the County.

The sole issue on appeal is the constitutionality of sections 815.2, subdivision (b), and 821.6 of the Government Code, which, in combined effect, immunize the County for liability for malicious prosecution.

## FACTS

Plaintiffs' first amended complaint[1] alleges that defendants Gentry, Meyer and Reed, employees of the DPSS, filed a criminal complaint report in January 1972 with the district attorney, accusing plaintiffs of grand theft. (Pen. Code, § 487, subd. 1.) Plaintiffs were arrested, detained, charged by information, arraigned, and held for a preliminary hearing. In March 1972 the charges were dismissed for lack of evidence indicating probable cause. In April 1972 defendants Gentry, Meyer and Reed filed the same criminal complaint with the district attorney. Again, plaintiffs were arrested, detained, charged by information, arraigned and held for preliminary hearing. Again, in August 1972, the charges were dismissed for lack of evidence indicating probable cause.

Plaintiffs allege that Gentry, Meyer and Reed acted without probable cause and maliciously, and defendant County knew or should have known that the charges were made without probable cause and done with the intent to vex, harass and injure plaintiffs.

A claim was filed with the County and denied. The complaint sought damages of $12 million.

## DISCUSSION

■ Plaintiffs' action against the County DPSS employees is barred under section 821.6 of the Government Code, which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Their action against the County is barred by section 815.2, subdivision (b): "[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

These statutes have been held to mean what they say. (*Shakespeare* v. *City of Pasadena*, 230 Cal.App.2d 375, 382-383 [40 Cal.Rptr. 863].) The statutes, however, add nothing new to California law. Plaintiffs acknowledge what the legislative committee summed up: "The California courts have repeatedly held public entities and public employees

---

[1]The original complaint is captioned: "Malicious Prosecution, Conspiracy, Intentional Infliction of Emotional Harm." The first amended complaint is captioned: "False Arrest and Imprisonment." The facts alleged in both are substantially the same.

immune from liability for this sort of conduct. Dawson v. Martin, 150 Cal.App.2d 379, . . . (public entities). White v. Towers, 37 Cal.2d 727, . . . ; Coverstone v. Davies, 38 Cal.2d 315, . . .; Hardy v. Vial, 48 Cal.2d 577, . . . (public employees). This section continues the existing immunity of public employees; and, because no statute imposes liability on public entities for malicious prosecution, public entities likewise are immune from liability." (Legislative committee comment—Senate to section 821.6. See also *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211, 220-221 [11 Cal.Rptr. 89, 359 P.2d 457].)

Plaintiffs contend, however, that section 821.6 denies them due process of law, because the "legislation has completely abridged the right of a citizen to appear in a court of justice to seek redress . . . ."

The constitutionality of other restrictive liability statutes has been upheld against challenges that they violate due process, equal protection, or both. (*County of Los Angeles* v. *Superior Court*, 62 Cal.2d 839, 846 [44 Cal.Rptr. 796, 402 P.2d 868] [§ 854.8]; *Goff* v. *County of Los Angeles*, 254 Cal.App.2d 45, 51 [61 Cal.Rptr. 840] [same]; *Hughes* v. *County of San Diego*, 35 Cal.App.3d 349, 353 [110 Cal.Rptr. 754] [§ 844.6]; *Sanders* v. *County of Yuba*, 247 Cal.App.2d 748, 754-755 [55 Cal.Rptr. 852] [same]; *Reed* v. *City & County of San Francisco*, 237 Cal.App.2d 23, 24-25 [46 Cal.Rptr. 543] [same].)

That the sections found valid in the cited cases limited, rather than eliminated, an aggrieved person's remedies makes no difference. First, *County of Sacramento* v. *Superior Court*, 8 Cal.3d 479 [105 Cal.Rptr. 374, 503 P.2d 1382], in holding that section 845.8, which immunizes both the public entity and the public employee, extended to both discretionary and ministerial acts (*id.*, at p. 481) necessarily proceeded from the assumption that the section was constitutional. (See also *Flournoy* v. *State of California*, 230 Cal.App.2d 520, 528-529 [41 Cal.Rptr. 190] [§ 835.4 does not violate due process or equal protection; employee immune under § 840 et seq.].)

Second, and more important, the Supreme Court's reasoning in upholding the immunity of a public official for malicious prosecution applies whether the argument is framed in terms of public policy or constitutional rights: "When the duty to investigate crime and to institute criminal proceedings is lodged with any public officer, it is for the best interests of the community as a whole that he be protected from harassment in the performance of that duty. The efficient functioning of our system of law enforcement is dependent largely upon the investigation of crime and

the accusation of offenders by properly trained officers. A breakdown of this system at the investigative or accusatory level would wreak untold harm." (*White* v. *Towers, supra,* 37 Cal.2d 727, 729-730 [235 P.2d 209, 28 A.L.R.2d 636].)

The judgment is affirmed.

Stephens, J., and Ashby, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 27, 1974.