[Civ. No. 62423. Second Dist.,. Div. Five. June 28, 1982.]

ADOLFO CUEVAS NOVOA et al., Plaintiffs and Appellants, v. COUNTY OF VENTURA et al., Defendants and Respondents.

**COUNSEL**

Nancy L. Swanson for Plaintiffs and Appellants.

Spray, Gould & Bowers, Daniel O. Howard and J. Jane Fox for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Plaintiff Adolfo Cuevas Novoa (hereinafter plaintiff), for himself and as guardian ad litem of his two children, Maria Cuevas and Norine Cuevas (hereinafter the children), appeals from an order of dismissal following the sustaining of a demurrer, without leave to amend, to his complaint. The complaint sought damages from the County of Ventura and various of its agencies because of proceedings which had been maintained by the county to make the children dependent wards of the juvenile court. The gist of the complaint is that the county failed to make reasonable efforts to locate plaintiff and to give him proper notice of proceedings under former Welfare and Institutions Code section 600, and that as a result thereof plaintiff was deprived of the custody of the children for a period of time. There is also a claim that the county wrongfully initiated an action under Civil Code section 232.

The pertinent facts alleged in the complaint are that the children were born in 1969 and 1971 during the marriage of plaintiff and Betty Cuevas. The parents were divorced on September 10, 1974, and custody of the children was awarded to Betty. In August 1974 Betty was incarcerated, and she "allowed placement of the minor children through the Ventura County Public Social Service Agency into foster care."

On November 13, 1974, petitions were filed in juvenile court to declare the children dependent wards of the court under former Welfare and Institutions Code section 600, subdivisions (a) and (b), now section 300, subdivisions (a) and (b).[1] "No notice was given to the plaintiff Novoa." On December 9, 1974, the children were made wards of the court. Plaintiff did not receive proper notice of the hearing and did not attend. The children were placed in the custody of the Public Social Service Agency for placement in a foster home. In 1975 and 1976 the juvenile court held yearly review hearings and continued the wardship of the children. Plaintiff received no notice of these hearings.

---

[1] Welfare and Institutions Code section 300 provides in part: "Any person under the age of 18 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court: [¶] (a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control .... [¶] (b) Who is destitute, or who is not provided with the necessities of life, or who is not provided with a home or suitable place of abode."

In April 1977 plaintiff received a letter from the Public Social Service Agency regarding a petition to be filed under Civil Code section 232. Such a petition was filed May 9, 1977, to declare the children free from plaintiff's custody and control. Plaintiff incurred expenses to defend the section 232 action.

At the conclusion of the section 232 proceedings, the trial court ruled in plaintiff's favor.[2] The trial court denied the petition under section 232 and also ordered that the proceedings under former Welfare and Institutions Code section 600 be dismissed and vacated. The court found that at the time of the original December 9, 1974, order declaring the children wards of the juvenile court and at the time of the 1975 and 1976 annual review hearings, the Public Social Service Agency failed to exercise reasonable diligence to discover the whereabouts of plaintiff so that he could receive proper notice of the proceedings; that at the time of the 1977 review hearing, the Public Social Service Agency failed to give timely notice; that the children are not persons described by former Welfare and Institutions Code section 600 and never have been; that plaintiff did not leave the children in the care and custody of another; that plaintiff never intended to abandon the children but sought their whereabouts for three and a half years and was unable to determine their whereabouts until April 1977; that plaintiff paid child support through the district attorney's office from November 1973 to July 1976, at which time the court on motion of the district attorney terminated the support order, and plaintiff also paid child support since January 1978, pursuant to stipulation of the parties; that plaintiff can provide a home with proper care, control, stability and security for the children, and has an adequate parental relationship with the children, and that an award of custody to him is in the best interests of the children.

Based on the above facts the complaint, in a confusing manner which does not very clearly identify the specific causes of action involved, asserts inter alia that the defendants violated various duties entitling plaintiffs to damages: Defendants failed to exercise reasonable diligence

[2]The complaint does not adequately specify the dates of the hearing on the section 232 petition nor of the trial court's order thereon. In his brief in opposition to the demurrer, plaintiff attached as an exhibit the judgment which was filed on October 12, 1978. On demurrer judicial notice may be taken of the prior judgment. (*Bill Loeper Ford* v. *Hites* (1975) 47 Cal.App.3d 828, 830 fn. 1 [121 Cal.Rptr. 131].) The text immediately following this footnote is based upon the language of the October 12, 1978, judgment rather than of the complaint.

to locate plaintiff to give him notice of the juvenile court proceedings; defendants failed to follow statutory procedures for giving notice of the juvenile court proceedings; defendants knowingly and wilfully conspired to keep the two children from plaintiff to have them adopted by another family; defendants filed the Civil Code section 232 action knowing that plaintiff was a fit and proper parent and forcing him to endure a trial following which he was awarded custody of the children; during the pendency of the proceedings, defendants did not cooperate in attempting to reunite plaintiff and the children and actively sought to keep them apart, maliciously for the purpose of causing humiliation, anguish, and emotional and physical distress; as a result of this conduct plaintiff and the children were deprived of the love and companionship of each other, the children were falsely imprisoned for four years, plaintiff was required to expend money for litigation to secure custody of the children, and plaintiff and the children suffered mental, physical, and nervous pain and suffering.

Defendants' demurrer raised grounds of statute of limitations, untimely filing of governmental tort claim, governmental immunity and failure to state facts constituting a cause of action. We shall discuss those issues which we deem dispositive.

■ We first dispose of the claim that there was a "false imprisonment" of the children. False imprisonment is the unlawful violation of the personal liberty of another, the interference being absolutely unlawful and without color of legal authority. (*Collins* v. *City and County of San Francisco* (1975) 50 Cal.App.3d 671, 676-677 [123 Cal.Rptr. 525]; *Jackson* v. *City of San Diego* (1981) 121 Cal.App.3d 579, 585 [175 Cal.Rptr. 395].) In this case the detention of the children in the custody of the Public Social Service Agency was under the authority of the juvenile court pursuant to former Welfare and Institutions Code section 600, subdivisions (a) and (b), (now § 300, subds. (a), (b)). It was under color of legal authority and therefore cannot be false imprisonment. The remedy, if any, is for malicious prosecution. (*Collins* v. *City and County of San Francisco, supra*, 50 Cal.App.3d 671.)

■ Indeed, the vast bulk of the allegations of the complaint simply attempt to state a cause of action for malicious prosecution of the juvenile court and Civil Code section 232 proceedings. However, the county's employees are absolutely immune from liability for prosecuting and maintaining the juvenile court proceedings and section 232 proceedings. Government Code section 821.6 provides: "A public employee

is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." This immunity applies even where the employee has acted maliciously, because the Legislature has determined, consistent with prior case law, that in order to encourage fearless enforcement of their duties public employees must be protected against suit. (*Blackburn* v. *County of Los Angeles* (1974) 42 Cal.App.3d 175, 177-178 [116 Cal.Rptr. 622]; see *Engel* v. *McCloskey* (1979) 92 Cal.App.3d 870, 886-887 [155 Cal.Rptr. 284].) Where the employee is immune, the employer public entity can have no liability based on the employee's act or omission. (Gov. Code, § 815.2, subd. (b); *Blackburn* v. *County of Los Angeles, supra*, at p. 177.) Plaintiffs can have no recovery under the various allegations that defendants maliciously conspired to keep plaintiff away from his children and to deprive him of their custody and control. All of the acts alleged against defendants were involved in prosecuting judicial actions for the benefit of the children. With one exception, the immunity of Government Code section 821.6 is dispositive.

■ The exception arises from the decision in *Bradford* v. *State of California* (1973) 36 Cal.App.3d 16, 19-20 [111 Cal.Rptr. 852], that a public entity can be liable under Government Code section 815.6 for breach of a mandatory duty even though its employee is immune from liability under section 821.6. The court held that although the employee's immunity would be a defense to the public entity's derivative liability under section 815.2, subdivision (a), it would not necessarily be a defense to direct entity liability under section 815.6. We must therefore examine whether there was a breach of mandatory duty within the meaning of section 815.6.

Government Code section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Plaintiff contends that various sections of the Welfare and Institutions Code imposed a mandatory duty that he be given notice of the juvenile court proceedings under former section 600, now section 300. Relevant provisions include sections 311, 332, and 366. (See also Welf. & Inst. Code, §§ 335, 337.)[3] These

---

[3] Welfare and Institutions Code section 311, subdivision (a), requires the probation officer, if he determines that the minor shall be retained in custody, immediately to file

provisions have been judicially construed to require some reasonable effort to give notice to an absent parent. (*In re Antonio F.* (1978) 78 Cal.App.3d 440, 446-451 [144 Cal.Rptr. 466]; *In re B. G.* (1974) 11 Cal.3d 679, 688-689 [114 Cal.Rptr. 444, 523 P.2d 244].)

■ Assuming, therefore, that the county had a mandatory duty to make a reasonable effort to locate plaintiff so as to give him notice of the juvenile court proceedings, the question remains whether the county has a liability for damages pursuant to Government Code section 815.6. The language of section 815.6 was construed in *Williams* v. *State of California* (1976) 62 Cal.App.3d 960, 966-971 [133 Cal.Rptr. 539]. In that case an applicant for benefits for aid to the totally disabled was initially denied benefits, then requested a fair hearing. A referee submitted his proposed decision, finding the applicant eligible for benefits, and a provision of the Welfare and Institutions Code required the director of the department of benefit payments to act on the referee's proposed decision within 30 days. The director took 10 months before adopting the proposed decision of the referee. The plaintiff sought monetary damages for injury to his health, emotional distress, and pain and suffering, as a result of the delay in granting him the benefits. (*Id.,* at pp. 963, 969.) The Court of Appeal affirmed the dismissal of the plaintiff's complaint. The court concluded that the injury of which plaintiff complained was not the particular kind of injury which the

a petition pursuant to section 332 whereupon the matter will be set for a detention hearing. ". . . The probation officer shall thereupon notify each parent or each guardian of the minor of the time and place of such hearing if the whereabouts of each parent or guardian can be ascertained by due diligence, and the probation officer shall serve those persons entitled to notice of the hearing under the provisions of Section 335 with a copy of the petition and notify such persons of the time and place of the detention hearing. Such notice may be given orally."

Section 332 provides that a petition to commence proceedings in the juvenile court to declare a minor a ward or a dependent child of the court must contain "(e) The name or names and residence address, if known to petitioner, of all parents and guardians of such minor . . . ."

Section 335 requires the clerk of the juvenile court to issue a notice, with attached copy of the petition, and cause the same to be served "upon each of the persons described in subdivision (e) of Section 332 whose residence addresses are set forth in said petition and thereafter before the hearing upon all such persons whose residence addresses become known to the clerk . . . ."

Section 337 provides for personal service or service by certified mail with request for return receipt on all persons required to receive such notice and copy of the petition.

Section 366 provides with regard to yearly continuation hearings that "[n]otice of hearing shall be mailed by the probation officer to the same persons as in an original proceeding . . . ."

We quote the provisions of the current code as reorganized in 1976, but similar requirements existed before 1976 under former Welfare and Institutions Code sections 630, 656, 658, 660, and 729.

Welfare and Institutions Code section was designed to protect against, within the meaning of Government Code section 815.6. The mandatory duty was a duty to act within a certain time, but not a duty to act in a particular way by awarding benefits to the plaintiff. (*Id.*, at p. 969.) "[T]here is no assurance that the applicant or recipient will receive benefits even upon the rendition by the director of a favorable decision. In sum, it is apparent that the procedures afforded for review provide for a delay in the award or denial of benefits that is necessarily inherent in the review process. Accordingly, we conclude that, as a matter of law, the requirement that the director render a timely decision is not designed to protect against the risk of a particular kind of injury alleged in the complaint and that such an injury is not proximately caused by the failure to perform such mandatory duty." (*Id.*, at p. 970.)

Here the injury for which plaintiff and the children seek damages is the loss of companionship during the period of time plaintiff lacked custody of the children. The breach of duty of which they complain is the failure to give notice to plaintiff of the juvenile court proceedings. Under the reasoning of the *Williams* case, the mere fact that a parent has notice of the proceedings does not determine what the outcome of the proceedings will be, and therefore the loss of custody and companionship is not an injury for which the entity is liable under section 815.6. Plaintiff might argue that in this case the actual outcome of the Civil Code section 232 proceedings, which resulted in vacating the juvenile court wardship, is evidence that if plaintiff had been given notice of the original juvenile court hearing, he would have appeared and wardship would have been denied. This is not necessarily the case, since plaintiff Novoa's circumstances in 1974 may have been much different than his circumstances in 1978. In any event, the same argument could have been made in *Williams*, since the director eventually adopted the referee's decision that the applicant was entitled to benefits.

Moreover, even if it were assumed that the loss of custody and companionship was proximately caused by the failure to give notice, within the meaning of Government Code section 815.6, plaintiffs are not entitled to monetary damages therefor. Primarily because of the difficulty involved in attempting to assess monetary damages, California courts do not allow a cause of action for the negligently caused loss of parental-child companionship, either in an action by the child (*Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441, 444-451 [138 Cal.Rptr. 302, 563 P.2d 858]) or by the parent. (*Baxter* v. *Superior Court* (1977) 19 Cal.3d 461, 464 [138 Cal.Rptr. 315, 563 P.2d 871]; see also *Smith*

v. *Alameda County Social Services Agency* (1979) 90 Cal.App.3d 929, 937 [153 Cal.Rptr. 712] [minor has no cause of action against an adoption agency for failing to bring about an adoption].) The whole thrust of the complaint is to recover damages for loss of consortium, which is not a valid cause of action even aside from issues of governmental immunity. (See *Smith* v. *Alameda County Social Services Agency, supra,* at p. 935.)[4]

The order of dismissal is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

---

[4]Plaintiff also sought damages for his litigation expenses in the Civil Code section 232 proceedings, of which he did have notice, but these are not recoverable. Those proceedings were not the result of the failure to give notice of the 1974 juvenile court petition, but rather of the exercise of prosecutorial discretion for which there is immunity under Government Code section 821.6.